**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-30271
Summary Calendar

MAURICE EASTERLY,

Plaintiff-Appellant,

versus

BROCKHOEFT'S CHEVROLET, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana

(95-CA-1997)

October 13, 1997

Before POLITZ, Chief Judge, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

Maurice Easterly appeals an adverse judgment on the pleadings on his Title VII[1]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 42 U.S.C. § 2000e et seq.

claim against his employer, Brockhoeft's Chevrolet, Inc., and the denial of his request to amend his complaint. For the reasons assigned, we affirm.

## BACKGROUND

Easterly alleges that he was discriminated against because of his sex when he was terminated on March 15, 1994. Easterly claims that he was terminated because Ronald Brockhoeft, the owner of Brockhoeft Chevrolet, believed that Easterly was having an affair with his daughter, Roxanne Brockhoeft. Easterly alleges that he was pursued by Roxanne Brockhoeft, but discouraged a relationship, informing Roxanne that he had a girlfriend.

Easterly filed suit on December 13, 1995. On March 21, 1996 a scheduling conference was held at which the deadline for adding new claims was set for April 30, 1996. Easterly did not move timely to amend his complaint and on May 10, 1996 Brockhoeft Chevrolet filed a Motion for Judgment on the Pleadings. Finding that Easterly's complaint failed to state a sex discrimination or a sexual harassment claim under Title VII, the magistrate judge, trying the matter by consent, entered judgment in favor of Brockhoeft Chevrolet.

Easterly filed a pleading entitled Motion to Reconsider or in the Alternative Motion to Amend Judgment, urging that his complaint be deemed sufficient to state a sexual harassment claim or that he be allowed to amend his complaint to add more

specific allegations. The trial judge denied the motion, finding that Easterly had failed to submit a proposed amended complaint upon which a proper determination could be made.

## ANALYSIS

We review *de novo* the dismissal on the pleadings, accepting as true the complaint's well pleaded factual allegations.[2] Dismissal is not appropriate unless it appears from the pleadings that the plaintiff can prove no set of facts warranting relief.[3] After reviewing the record, briefs, and applicable law, we are persuaded by and adopt as our own the findings and conclusions of the magistrate judge in the Ruling and Order dated January 6, 1997 entering judgment in favor of Brockhoeft Chevrolet.

The standard by which we review the second issue raised on appeal, the trial court's denial of the request to amend the complaint, is abuse of discretion.[4] When judgment has been entered on the pleadings, as in the case at bar, the standards detailed in Rule 15 of the Federal Rules of Civil Procedure apply.[5] Although that rule favors the granting of leave to amend, we have stated that "leave to amend under Rule 15 is

---

[2] **Guidry v. Bank of LaPlace**, 954 F.2d 278 (5th Cir. 1992).

[3] **Id.**

[4] **Baker v. Putnal**, 75 F.3d 190 (5th Cir. 1996).

[5] **Rourke v. Thompson**, 11 F.3d 47 (5th Cir. 1993).

3

by no means automatic, and we have affirmed denials when the moving party engaged in undue delay or attempted to present theories of recovery seriatim to the district court."[6] Considering Easterly's failure to state the specific allegations he would add to his Title VII claim which would support relief and provide the court with a basis on which to determine if the amendment would be futile, his failure to amend his complaint within the scheduling order deadline, and the imminence of the trial date, we, perforce, must conclude that there was no abuse of discretion on the part of the magistrate judge in denying Easterly's alternative motion.

The judgment appealed is AFFIRMED.

---

[6] **Southern Constructors Group v. Dynalectric Co.**, 2 F.3d 606, 612 (5th Cir. 1993).